UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JULIE MAURY                                                    **Docket: 1:18-cv-07496 (RWL)**

                                        Plaintiff,
              -against-                                         **THIRD AMENDED**
                                                               **COMPLAINT**

VENTURA IN MANHATTAN, INC. AND VSM NY
HOLDINGS LLC                                                   **JURY TRIAL REQUESTED**

                                        Defendants.
------------------------------------------------------------------------x

## THIRD AMENDED COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, plaintiff Julie Maury

(hereafter referred to as "plaintiff"), by counsel, Parker Hanski LLC, as and for the Third

Amended Complaint in this action against defendants Ventura In Manhattan, Inc. and VSM NY

Holdings LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.          This lawsuit opposes pervasive, ongoing, and inexcusable disability

discrimination by the defendants.  In this action, plaintiff seeks declaratory, injunctive and

equitable relief, as well as monetary damages and attorney's fees, costs and expenses to redress

for unlawful disability discrimination against plaintiff, in violation of Title III of the Americans

with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the

New York State Executive Law (the "Executive Law"), § 296, New York State Civil Rights Law,

§ 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

## JURISDICTION AND VENUE

2.          This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28

U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of

plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

4.      Defendant Ventura In Manhattan, Inc. owns the property located at 240 East 86th Street in New York County, New York (hereinafter referred to as "240 East 86th Street").

5.      At all relevant times, a Fairway Market supermarket has operated in the retail space located at 240 East 86th Street (hereinafter referred to as the "Fairway Premises").

6.      Defendant VSM NY Holdings LLC is licensed to do and does business in New York State.

7.      Defendant Ventura In Manhattan, Inc. is licensed to and does business in New York State.

8.      At all times relevant to this action, plaintiff Julie Maury has been and remains currently a resident of the State and City of New York.

9.      Plaintiff resides eight city blocks (about a half-mile) away from the Fairway Premises.

10.     At all times relevant to this action, plaintiff Julie Maury has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

2

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.     Before May 2020, Village Super Market Inc. ("VSM") operated a chain of thirty supermarkets under the ShopRite name in New Jersey, Maryland, New York City, and eastern Pennsylvania and three specialty markets under the Gourmet Garage name in New York City.

12.     On May 14, 2020, VSM completed the acquisition of certain assets, including five supermarkets, a production distribution center, and the intellectual property of Fairway Group Holdings Corp. and certain of its subsidiaries, including the Fairway Premises at issue in this litigation.

13.     The acquisition was effectuated pursuant to an Asset Purchase Agreement, entered into on January 20, 2020 and revised on March 25, 2020 ("APA").

14.     VSM paid $73.2 million for the Fairway assets, net of adjustments set forth in the APA, and to assume certain liabilities, consisting primarily of those arising from acquired leases. Additionally, VSM received a $2.0 million credit arising from the breakup of Village's initial "stalking horse" bid.

15.     Upon information and belief, defendant VSM NY Holdings LLC is a wholly owned subsidiary of VSM.

16.     Defendant VSM NY Holdings LLC is now doing business as "Fairway Market" at 240 East 86th Street.

17.     Defendant VSM NY Holdings LLC now operates the Fairway Premises located at 240 East 86th Street.

18.     Upon information and belief, Ventura In Manhattan, Inc. and VSM NY Holdings LLC have a written lease agreement.

19.     As of May 2020, per Section 2.2 of the APA, VSM NY Holdings LLC assumed all "Assumed Liabilities" that include those liabilities "relating to or arising out of the ownership or operation of the [Fairway Premises]."

20.     Each of the defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Fairway Premises located at 240 East 86th Street, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)).

21.     The Fairway Premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

22.     Numerous architectural barriers currently exist at the Fairway Premises that prevent and/or restrict access to plaintiff, a person with a disability.

23.     Upon information and belief, 240 East 86th Street was designed and constructed for first possession after 1998.

24.     At some time after January 1998, alterations were made to 240 East 86th Street, including areas adjacent and/or attached to 240 East 86th Street.

25.     At some time after January 1998, alterations were made to the Fairway Premises, and to areas of 240 East 86th Street related to the Fairway Premises.

26.     At some time after January 1998, alterations were made to the primary function areas of the Fairway Premises and 240 East 86th Street that relate to the Fairway Premises.

27.     In or before May 2020, per Section 2.9 of the APA,  furnishings and equipment were removed from the Fairway Premises as part of the removal of "Excluded Assets."

4

28.     In or around May 2020 to the present, VSM NY Holdings LLC made alterations to the areas utilized by customers of the Fairway Premises including, but not limited to, the installation of equipment identified in Section 5.1(e) of the APA that VSM NY Holdings LLC utilizes in its operation of the Fairway Premises.

29.     VSM has an "ongoing program to upgrade and expand its supermarket chain", which includes the Fairway Premises.  In or after May 2020, VSM NY Holdings LLC remodeled the Fairway Premises along with installing equipment upgrades. See Form 10-K for VSM for the fiscal year ended July 25, 2020.

https://www.sec.gov/ix?doc=/Archives/edgar/data/103595/000010359520000033/vlgea-20200725.htm

30.     Per Section 4.8 of the APA, VSM NY Holdings LLC acquired the "acquired assets and assume the assumed liabilities [of the Fairway Premises] on an "as is" condition and on a "where is" basis, without any representation or warranty of any kind, express or implied (including any with respect to environmental, health, or safety matters)."

31.     At all relevant times, plaintiff has and continues to patronize the Fairway Premises and purchase items for sale therein.

32.     When plaintiff patronizes the Fairway Premises, she has and continues to encounter the areas of the interior that are open to public.

33.     The barriers identified below have made and continue to make plaintiff's shopping experience more difficult and more time-consuming than what an able-bodied patron experiences.  These barriers have also caused plaintiff emotional distress.

34.     As an example, defendants routinely place merchandise displays in front of the elevator that make it much more difficult, if at times almost impossible, for plaintiff to independently utilize the elevator.

35.     The next paragraph below is a photograph showing the merchandise display barrier experienced by plaintiff and showing how the defendants place merchandise displays in front of the elevators that block plaintiff, as a wheelchair user, from being able to independently reach the elevator call button as well as blocking plaintiff's ability to reach the hand sanitizer. Plaintiff is forced to humiliate herself by looking around to beg someone for assistance to travel or to undertake the difficult exercise herself.



36.

37.    There have been numerous times when plaintiff has been deterred from shopping at the Fairway Premises because of the difficulties she has encountered and continues to encounter from the barriers identified herein.

38.    The services, features, elements and spaces of the Fairway Premises are not and continue to not be readily accessible to, or usable by plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design ("1991 Standards") or the revised final regulations implementing Title III of the ADA adopted by the

United States Department of Justice in 2010 as the 2010 Standards for Accessible Design ("2010

Standards").

39.     Barriers to access that plaintiff encounters, continues to encounter, and/or which

deter plaintiff from patronizing the Fairway Premises as well as barriers that exist include, but

are not limited to, the following:

I.      Routes throughout the facility are less than 36 inches wide due to merchandise
        and displays including, but not limited to, merchandise and displays blocking the
        call buttons for the elevator as well as the required maneuvering clearances.
        *Defendants fail to provide an accessible route of at least 36 inches. See 1991
        Standards 4.3.3, 2010 Standards 403.5.1, and 2014 NYC 403.5.*

II.     Many of the routes thought the facility lacks the required maneuvering to make a
        180- degree turn due to merchandise and displays.
        *Defendants fail to provide the minimum required maneuvering clearances from
        which to make a 180-degree turn around an element along the accessible route.
        See 1991 Standards 4.3.3, 2010 Standards 403.5.2, and 2014 NYC 403.5.1.*

III.    None of the food service counters are accessible. See below.
        *Defendants fail to provide that at least one of each type of sales and/or service
        counter is accessible. See 1991 Standards 7.2(1), 2010 Standards 227.3, and 2014
        NYC 1109.11.3.*

IV.     The ground level deli counter is more than 36 inches above the finish floor.
        *Defendants fail to provide an accessible portion of counter that is no greater than
        36 inches above the finish floor and no less than 36 inches in length (and extends
        the same depth as the general sales and/or service counter) at accessible sales
        and/or service counters. See 1991 Standards 7.2(1), 2010 Standards 904.4, and
        2014 NYC 904.3.*

V.      The ground level cheese counter is more than 36 inches above the finish floor.
        *Defendants fail to provide an accessible portion of counter that is no greater than
        36 inches above the finish floor and no less than 36 inches in length (and extends
        the same depth as the general sales and/or service counter) at accessible sales
        and/or service counters. See 1991 Standards 7.2(1), 2010 Standards 904.4, and
        2014 NYC 904.3.*

VI.     The ground level sushi and ramen counters are more than 36 inches above the
        finish floor.

*Defendants fail to provide an accessible portion of counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length (and extends the same depth as the general sales and/or service counter) at accessible sales and/or service counters. See 1991 Standards 7.2(1), 2010 Standards 904.4, and 2014 NYC 904.3.*

VII.    The cellar level seafood counter is more than 36 inches above the finish floor.
*Defendants fail to provide an accessible portion of counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length (and extends the same depth as the general sales and/or service counter) at accessible sales and/or service counters. See 1991 Standards 7.2(1), 2010 Standards 904.4, and 2014 NYC 904.3.*

VIII.   The cellar level butcher counter is more than 36 inches above the finish floor.
*Defendants fail to provide an accessible portion of counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length (and extends the same depth as the general sales and/or service counter) at accessible sales and/or service counters. See 1991 Standards 7.2(1), 2010 Standards 904.4, and 2014 NYC 904.3.*

IX.     The ground level self-service rotisserie items are outside of an accessible reach range.
*Defendants fail to provide that 50 percent of each type of self-service shelves at food service lines are within accessible reach ranges. See 1991 Standards 5.5, 2010 Standards 227.4, and 2014 NYC 1109.12.4.*

X.      The cellar level self-service grain items are outside of an accessible reach range.
*Defendants fail to provide that 50 percent of each type of self-service shelves at food service lines are within accessible reach ranges. See 1991 Standards 5.5, 2010 Standards 227.4, and 2014 NYC 1109.12.4.*

XI.     None of the check-out aisles are accessible. See below.
*Defendants fail to provide that a sufficient number of check-out aisle are accessible. See 1991 Standards 7.3(1), 2010 Standards 227.2, and 2014 NYC 1109.11.2.*

XII.    Check writing surfaces at the general check-out aisles are more than 34 inches above the finish floor.
*Defendants fail to provide that the top of check writing surfaces are 28 inches minimum and 34 inches maximum above the finish floor at accessible check-out aisles. See 1991 Standards 7.2, 2010 Standards 904.3.3, and 2014 NYC 904.4.3.*

XIII.   POS machines at the express check-out aisles are outside of an accessible reach range.

> *Defendants fail to provide that operable parts are within accessible reach ranges at accessible check-out aisles. See 1991 Standards 4.2.5 and 4.2.6, 2010 Standards 308.1, and 2014 NYC 308.1.*

XIV.   Cellar level coffee grinders have operable parts that are outside of an accessible range.
> *Defendants fail to provide that operable parts are within accessible reach ranges at accessible check-out aisles. See 1991 Standards 4.2.5 and 4.2.6, 2010 Standards 308.1, and 2014 NYC 308.1.*

XV.   Hand sanitizers thought the facility are outside of an accessible reach range.
> *Defendants fail to provide that operable parts are within accessible reach ranges at accessible check-out aisles. See 1991 Standards 4.2.5 and 4.2.6, 2010 Standards 308.1, and 2014 NYC 308.1.*

XVI.   The service counter is more than 36 inches above the finish floor. Furthermore, the counter is less than 36 inches in length.
> *Defendants fail to provide an accessible portion of counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length (and extends the same depth as the general sales and/or service counter) at accessible sales and/or service counters. See 1991 Standards 7.2(1), 2010 Standards 904.4, and 2014 NYC 904.3.*

XVII.   An accessible route is not provided to the toilet rooms due to merchandise and displays. See below.
> *Defendants fail to provide an accessible route to each portion of the building that connects to accessible building entrances. See 1991 Standards 4.1.2(2), 2010 Standards 206.2.4, and 2014 NYC 1104.3.*

XVIII.   The route to the toilet rooms is less than 36 inches between merchandise and displays.
> *Defendants fail to provide an accessible route of at least 36 inches. See 1991 Standards 4.3.3, 2010 Standards 403.5.1, and 2014 NYC 403.5.*

XIX.   The toilet room is not accessible.
> *Defendants fail to provide accessible toilet facilities. See 1991 Standards 4.1.3(11), 2010 Standards 213.1, and 2014 NYC 1109.2.*

XX.   The door at the toilet room lacks maneuvering clearances at the push side of the door due to merchandise and displays.
> *Defendants fail to provide an accessible door with level maneuvering clearances. See 1991 Standards 4.13.6, 2010 Standards 404.2.4, and 2014 NYC 404.2.3.*

XXI.   The toilet compartment at the toilet room is not of sufficient size.

10

*Defendants fail to provide an accessible toilet compartment that is 60 inches wide minimum measured perpendicular to the side wall, and 59 inches deep minimum for floor mounted water closets. See 1991 Standards 4.17.3, 2010 Standards 604.8.1.1, and 2014 NYC 604.8.2.*

XXII.   The water closet in the toilet compartment at toilet room has a toilet paper dispenser in the incorrect location.
*Defendants fail to provide an accessible water closet with a toilet paper dispenser that is located 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the dispenser. See 2010 Standards 604.7, and 2014 NYC 604.7.*

XXIII.  The lavatory at the toilet room has unprotected hot water and drainpipes.
*Defendants fail to provide accessible lavatories and/or sinks with water supply and drainpipes that are insulated or otherwise configured to protect against contact. See 1991 Standards 4.19.4, 2010 Standards 606.5, and 2014 NYC 606.6.*

XXIV.   The mirror above the lavatory at the toilet room is more than 40" above the finish floor.
*Defendants fail to provide an accessible mirror (when located above lavatories or countertops) that is installed with the bottom edge of the reflecting surface 40 inches maximum above the finish floor within accessible toilet and bathing facilities. See 1991 Standards 4.19.6, 2010 Standards 603.3, and 2014 NYC 603.3.*

XXV.    The paper towel dispenser at the toilet room is outside of an accessible reach range.
*Defendants fail to provide operable parts within an accessible reach range. See 1991 Standards 4.2.6, 2010 Standards 308.3.1, and 2014 NYC 308.3.1.*

XXVI.   The hand dryer at the toilet room is outside of an accessible reach range.
*Defendants fail to provide operable parts within an accessible reach range. See 1991 Standards 4.2.6, 2010 Standards 308.3.1, and 2014 NYC 308.3.1.*

XXVII.  The coat at the toilet room is outside of an accessible reach range.
*Defendants fail to provide operable parts within an accessible reach range. See 1991 Standards 4.2.6, 2010 Standards 308.3.1, and 2014 NYC 308.3.1.*

40.     Defendant Ventura In Manhattan, Inc. has failed to ensure that its lessee's place of public accommodation and the elements therein are in compliance with the 1991 Standards or

11

the 2010 Standards; or the Administrative Code, including but not limited to ensuring the maintenance of accessible features.

41.     Plaintiff has a realistic, credible, and continuing threat of discrimination from the Fairway Premises' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Fairway Premises continue to exist and deter plaintiff.

42.     Plaintiff frequently travels to the area where the Fairway Premises are located.

43.     Plaintiff intends to continue patronizing the Fairway Premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

44.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the Fairway Premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

45.     Plaintiff intends to patronize the Fairway Premises several times a year as "tester" to monitor, ensure, and determine whether the Fairway Premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code – all for the benefit of those similarly situated to plaintiff.

## FIRST CAUSE OF ACTION
**(Violations of the Americans with Disabilities Act)**

46.     Plaintiff realleges and incorporates by reference all allegations set forth in this Amended Complaint as if fully set forth herein.

47.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and

proximate result of plaintiff's disability, plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

48.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

49.     Under the ADA, both the property owner and lessee are liable to the plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

50.     Defendant Ventura In Manhattan, Inc. subjects plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use the Fairway Premises all because plaintiff is disabled.

51.     By failing to comply with the law in effect for decades, defendant Ventura In Manhattan, Inc. has articulated to disabled persons such as the plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

52.     Since May 2020, defendant VSM NY Holdings LLC has subjected plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use the Fairway Premises all because plaintiff is disabled.  Since May 2020, defendant VSM NY Holdings LLC's policies and practices have disparately impacted plaintiff as well.

53.     Defendant Ventura In Manhattan, Inc. has discriminated against the plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

13

54.     The Fairway Premises are not accessible and fail to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

55.     Upon making alterations to the Fairway Premises, defendant Ventura In Manhattan, Inc. failed to make their place of public accommodation accessible to plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402, 36.406 and 42 U.S.C. §12183(a)(2).

56.     Upon making these alterations to the primary function areas, defendant Ventura In Manhattan, Inc. failed to make the paths of travel to the primary function areas accessible to plaintiff, in violation of 28 C.F.R. § 36.403.

57.     28 C.F.R. § 36.406(5) requires that facilities and elements of noncomplying public accommodations be made accessible in accordance with the 2010 Standards.

58.     Defendant Ventura In Manhattan, Inc. failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make the Fairway Premises fully accessible.

59.     Since May 2020, defendant VSM NY Holdings LLC failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make the Fairway Premises fully accessible.

60.     By failing to remove the barriers to access where it is readily achievable to do so, defendant Ventura In Manhattan, Inc. has discriminated against plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

61.     By failing to remove the barriers to access since May 2020 where it is readily achievable to do so, defendant VSM NY Holdings LLC has discriminated against plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

62.     In the alternative, defendant Ventura In Manhattan, Inc. has violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

63.     In the alternative, since May 2020, defendant VSM NY Holdings LLC has violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

64.     Upon making alterations to the Fairway Premises including those described herein, since May 2020 defendant VSM NY Holdings LLC failed to make their place of public accommodation accessible to plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402, 36.406 and 42 U.S.C. §12183(a)(2).

65.     Upon making these alterations to the primary function areas including those described herein, since May 2020 defendant VSM NY Holdings LLC failed to make the paths of travel to the primary function areas accessible to plaintiff, in violation of 28 C.F.R. § 36.403.

66.     Title III of the ADA does not permit an award of monetary damages but only injunctive relief to remediate on-going violations.  An injunction requiring the cessation of on-going unlawful conduct is not dischargeable in bankruptcy. *See e.g., In re Chateaugay Corp.* 944 F.2d 997, 1008 (2d Cir. 1991) (holding that an order requiring cessation of ongoing pollution was not a dischargeable claim).

**THIRD CAUSE OF ACTION AS AGAINST**
**DEFENDANT VENTURA IN MANHATTAN, INC.**
**(Violations of the New York State Executive Law)**

67.     Plaintiff realleges and incorporates by reference all allegations set forth in this Amended Complaint as if fully set forth herein.

68.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

69.     Defendant Ventura In Manhattan, Inc. has and continues to subject plaintiff to disparate treatment by denying plaintiff equal opportunity to use their place of public accommodation all because plaintiff is disabled.

70.     Defendant Ventura In Manhattan, Inc. discriminated against plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

71.     Defendant Ventura In Manhattan, Inc. has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

72.     In the alternative, defendant Ventura In Manhattan, Inc. has failed to provide plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

73.     It would be readily achievable to make the Fairway Premises fully accessible.

74.     It would not impose an undue hardship or undue burden to make the Fairway Premises fully accessible.

16

75.     As a direct and proximate result of defendant Ventura In Manhattan, Inc.'s unlawful discrimination in violation of New York State Executive Law, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

76.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violations of the Administrative Code of the City of New York)

77.     Plaintiff realleges and incorporates by reference all allegations set forth in this Amended Complaint as if fully set forth herein.

78.     Plaintiff suffers from various medical conditions that separately and together, impair plaintiff's bodily systems – in particular, the life activity of both walking and body motion range -and thus plaintiff has a disability within the meaning of the Administrative Code § 8-102(16).

79.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 (emphasis added). The Restoration Act is to be construed broadly in favor of plaintiff to the fullest extent possible.

17

80. Defendants failure to provide an accessible supermarket at the Fairway Premises is a "continuous wrong" to plaintiff and a continuous violation under the New York City Human Rights Law. *See Center for Independence of Disabled v Metropolitan Transportation Authority*, 125 N.Y.S.3d 697 (1st Dept. June 4, 2020).

81. Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the defendant's violations of the ADA as alleged herein

82. Defendant Ventura In Manhattan, Inc. has and continues to subject plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of the Fairway Premises all because of disability in violation of the Administrative Code § 8-107(4).

83. Defendant Ventura In Manhattan, Inc. has discriminated, and continues to discriminate, against plaintiff in violation of the Administrative Code § 8-107(4) by designing, modifying, creating and/or maintaining an inaccessible commercial facility/space.

84. Defendant Ventura In Manhattan, Inc. has subjected, and continues to subject, plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the Administrative Code § 8-107(4).

85. Since May 2020, Defendant VSM NY Holdings LLC has and continues to subject plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of the Fairway Premises all because of disability in violation of the Administrative Code § 8-107(4).

18

86.     Since May 2020, Defendant VSM NY Holdings LLC has discriminated, and continues to discriminate, against plaintiff in violation of the Administrative Code § 8-107(4) by designing, modifying, creating and/or maintaining an inaccessible commercial facility/space.

87.     Since May 2020, Defendant VSM NY Holdings LLC has subjected, and continues to subject, plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the Administrative Code § 8-107(4).

88.     In violation of Administrative Code § 8-107(6), since May 2020, defendants have and continue to, aid and abet, incite, compel or coerce each other in each of the other defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the Administrative Code.

89.     As a direct and proximate result of defendant Ventura In Manhattan, Inc.'s unlawful discrimination in violation of the Administrative Code, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

90.     As a direct and proximate result of defendant VSM NY Holdings LLC's unlawful discrimination since May 2020 in violation of the Administrative Code arising from plaintiff's patronage of the Fairway Premises from May 2020 to the present, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

91.     Defendant Ventura In Manhattan, Inc.'s long-standing refusal to make the Fairway Premises fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to plaintiff's rights under the Administrative Code.

92.     Since May 2020, defendant VSM NY Holdings LLC's refusal to make the Fairway Premises fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to plaintiff's rights under the Administrative Code.

93.     By failing to comply with the law in effect for decades, defendants articulate to disabled persons such as the plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

94.     Defendant Ventura In Manhattan, Inc.'s unlawful discriminatory conduct constitutes malicious, willful and wanton violations of the Administrative Code for which plaintiff is entitled to an award of punitive damages.  Administrative Code § 8-502.

95.     Defendant VSM NY Holdings LLC's unlawful discriminatory conduct since May 2020 constitutes malicious, willful, and wanton violations of the Administrative Code for which plaintiff is entitled to an award of punitive damages.  Administrative Code § 8-502.

96.     By refusing to make their place of public accommodation accessible, defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

97.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

20

**FOURTH CAUSE OF ACTION AS AGAINST
DEFENDANT VENTURA IN MANHATTAN, INC.
(Violations of the New York State Civil Rights Law)**

98.     Plaintiff realleges and incorporates by reference all allegations set in this

Amended Complaint as if fully set forth herein.

99.     Defendant Ventura In Manhattan, Inc. discriminated against plaintiff pursuant to

New York State Executive Law.

100.     Consequently, plaintiff is entitled to recover the monetary penalty prescribed by

Civil Rights Law §§ 40-c and 40-d for each and every violation.

101.     Notice of this action has been served upon the Attorney General as required by

Civil Rights Law § 40-d.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

**PRAYER FOR RELIEF AS AGAINST
DEFENDANT VENTURA IN MANHATTAN, INC.**

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment in favor of plaintiff

as against defendant Ventura In Manhattan, Inc. that contains the following relief:

A.     Enter declaratory judgment declaring that defendant Ventura In

Manhattan, Inc. has violated the ADA and its implementing regulations, Executive Law

and Administrative Code and declaring the rights of plaintiff as to the Fairway Premises,

and its policies, practices, and procedures;

B.     Issue a permanent injunction ordering **defendant Ventura In Manhattan,**

**Inc. to close and cease all business** until defendants remove all violations of the ADA,

21

the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above;

      C.      Retain jurisdiction over the defendant Ventura In Manhattan, Inc. until the Court is satisfied that its unlawful practices, acts and omissions no longer exist and will not reoccur;

      D.      Award plaintiff compensatory damages as a result of defendant Ventura In Manhattan, Inc.'s violations of New York State Executive Law and the Administrative Code of the City of New York;

      E.      Award plaintiff punitive damages in order to punish and deter defendant Ventura In Manhattan, Inc.'s for its violations of the Administrative Code of the City of New York;

      F.      Award plaintiff the monetary penalties for each and every violation of the law, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

      G.      Award reasonable attorney's fees, costs, and expenses pursuant to the Administrative Code;

      H.      Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs, and expenses pursuant to the ADA; and

      I.      For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

## PRAYER FOR RELIEF AS AGAINST DEFENDANT VSM NY HOLDINGS LLC

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment in favor of plaintiff as against defendant VSM NY Holdings LLC that contains the following relief:

A.      Enter declaratory judgment declaring that defendant VSM NY Holdings LLC has violated § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), 28 C.F.R. § 36.304, 28 C.F.R. § 36.305, 28 C.F.R. §§ 36.402, 36.406 and 42 U.S.C. §12183(a)(2); and the Administrative Code and declaring the rights of plaintiff as to the Fairway Premises and its policies, practices and procedures;

B.      Issue a permanent injunction ordering **defendant VSM NY Holdings LLC to close and cease all business** until it remove the violations of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), 28 C.F.R. § 36.304, 28 C.F.R. § 36.305, 28 C.F.R. §§ 36.402, 36.406 and 42 U.S.C. §12183(a)(2); and the Administrative Code;

C.      Retain jurisdiction over the defendant VSM NY Holdings LLC until the Court is satisfied that its unlawful practices, acts and omissions no longer exist and will not reoccur;

D.      Award plaintiff compensatory damages suffered since May 2020 because of defendant VSM NY Holdings LLC's violations of the Administrative Code of the City of New York;

E.      Award plaintiff punitive damages in order to punish and deter the defendant VSM NY Holdings LLC for their violations, since May 2020, of the Administrative Code of the City of New York;

F.      Award reasonable attorney's fees, costs, and expenses pursuant to the Administrative Code;

G.      Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs, and expenses pursuant to the ADA; and

H.     For such other and further relief, at law or in equity, to which plaintiff may

be justly entitled.

Dated: October 30, 2020
       New York, New York

                                    Respectfully submitted,

                                    **PARKER HANSKI LLC**

                                    By:_____/s_____
                                          Glen H. Parker, Esq.
                                          Adam S. Hanski, Esq.
                                          Robert G. Hanski, Esq.
                                          Attorneys for Plaintiff
                                          40 Worth Street, 10th Floor
                                          New York, New York 10013
                                          Telephone: (212) 248-7400
                                          Facsimile: (212) 248-5600
                                          Email:ash@parkerhanski.com
                                          Email: ghp@parkerhanski.com
                                          Email: rgh@parkerhanski.com

24