UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JULIE MAURY,

              Plaintiff,

     -against-

VENTURA IN MANHATTAN, INC. AND VSM
NY HOLDINGS LLC

             Defendants.
---------------------------------------------------------------x

**Docket No. 1:18-cv-07496 (RWL)**

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT VSM NY HOLDINGS LLC'S MOTION TO DISMISS

# **TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ............................................................. 1

STATEMENT OF FACTS ...................................................................... 1

ARGUMENT ............................................................................................ 2

**POINT I** ................................................................................................... 2

PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF WAS NOT DISCHARGEABLE IN BANKRUPTCY

**POINT II** .................................................................................................. 6

VSM DOES NOT CLAIM TO BE FREE AND CLEAR OF PLAINTIFF'S CLAIMS BEFORE THE BANKRUPTCY COURT

**POINT III** ................................................................................................ 6

VSM IS LIABLE FOR POST-SALE WRONGFUL CONDUCT

**POINT IV** ................................................................................................ 8

VSM CONTRACTUALLY ASSUMED ALL LIABILITY FOR POST-DISCHARGE LEGAL OBLIGATIONS

**POINT V** .................................................................................................. 9

PLAINTIFF'S NYCHRL CLAIM CANNOT BE DISCHARGED IN BANKRUPTCY BECAUSE IT IS A CONTINING VIOLATION

**POINT VI** ............................................................................................... 10

PLAINTIFF HAS ADEQUATELY ALLEGED HER ALTERATION CLAIM

**CONCLUSION** ..................................................................................... 14

## TABLE OF AUTHORITIES

| CASE | PAGE(S) |
|---|---|
| *Camarillo v. Carrols Corp.*, 518 F.3d 153 (2nd Cir. 2008) | 12 |
| *Center for Independence of the Disabled v. Metropolitan Transp. Auth.*, 125 N.Y.S.3d 697, 125 N.Y.S.3d 697 (1st Dept. 2020) | 9 |
| *Doktor v. Werner Co.*, 762 F.Supp.2d 494 (E.D.N.Y. 2011) | 8 |
| *E.E.O.C. v. Port Auth. of NY and NJ*, 768 F. 3d 247 (2nd Cir. 2014) | 11 |
| *Elliott v. General Motors LLC (In re Motors Liquidation Co.)*, 829 F.3d 135, (2nd Cir. 2016) | 6 |
| *Fernandez v. Chertoff*, 471 F.3d 45 (2nd Cir. 2006) | 14 |
| *Friarton Estates Corp v. City of New York (In re Friarton Estates Corp.)*, 65 B.R. 586 (Bankr. S.D.N.Y. 1986) | 7 |
| *Girotto v. LXC Inc.*, 2020 WL 3318275 (S.D.N.Y. June 18, 2020) | 11 |
| *In Matter of Motors Liquidation Company*, 829 F.3d 135 (2nd Cir. 2016) | 3 |
| *In re Annabel*, 263 B.R. 19, (Bankr. N.D.N.Y. 2001) | 5 |
| *In re Chateaugay Corp.* 944 F.2d 997 (2nd Cir. 1991) | 4 |
| *In re Lafemina*, 2017 WL 4404254 (Bankr. E.D.N.Y. Sept. 30, 2017) | 5 |
| *In re Grumman Olson Industries, Inc.*, 445 B.R. 243 (S.D.N.Y. 2011) | 9 |
| *In re Mark IV Indus., Inc.*, 459 B.R. 173 (S.D.N.Y. 2011) | 5 |
| *In re Matter of John Rose v. Co-op City of New York d/b/a Riverbay Corp. and Vernon Cooper*, 2010 WL 8625897 (N.Y.C. Comm. Hum. Rts. Nov. 18, 2010), aff'd sub nom. *Riverbay Corp. v. New York City Commn. on Human Rights,* 2011 N.Y. Misc. Lexis 7105 (Sup.Ct.Bx. Cty., Sept. 9, 2011) | 11 |

| | |
|---|---|
| *In re Udell.* 18F.3d 403 (7th Cir. 1994) | 4 |
| *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229 (2nd Cir. 2007) | 14 |
| *Littlejohn v. City of New York*, 795 F.3d 297 (2nd Cir. 2015) | 12 |
| *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) | 2 |
| *O'Loghlin v. County of Orange.* 229 F. 3d 871 (9th Cir. 2000) | 7 |
| *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79 (2nd Cir. 2004) | 2 |
| *Roberts v. Royal Atlantic*, 542 F.3d 363 (2nd Cir. 2008) | 11 |
| *Robinson v. Michigan Consolidated Gas Co.,* 918 F.2d 579 (6th Cir. 1990) | 6 |
| *Route 21 Assocs. of Belleville v. MHC, Inc.,* 486 B.R. 75 (S.D.N.Y. 2012) | 5 |
| *United States v. Apex Oil Co.*, 579 F.3d 734 (7th Cir. 2009) | 5 |
| *Williams v. N.Y.C. Hous. Auth*., 61 A.D. 3d 62, 872 N.Y.S.2d 27 (1st Dept. 2009) | 9 |
| *Wynder v. McMahon*, 360 F.3d 73 (2nd Cir. 2004) | 12 |
| *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59 (2nd Cir. 2015) | 9 |
| *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159 (7th Cir. 1994) | 7 |

| **STATUTES AND REGULATIONS** | **PAGES** |
|---|---|
| §8-107(4)(a)(1)(a) of the NYCHRL | 9, 10 |
| §8-130 of the NYCHRL | 9 |
| §8-502 of the NYCHRL | 2 |
| 11 U.S.C. § 101 (5) | 3, 4, 5 |

| | |
|---|---|
| 11 U.S.C. § 101 (12) | 3 |
| 11 U.S.C. § 363(f) | 2, 3, 6 |
| 28 C.F.R. § 36.402(b)(1) | 13 |
| 42 U.S.C. § 12188(a) | 2 |
| 42 U.S.C. § 2000a–3(a) | 2 |
| 124 Cong. Rec. H 11,090 (Sept. 28, 1978) | 4 |
| 124 Cong. Rec. S 17,406 (Oct. 6, 1978) | 4 |
| Rule 8 of the Federal Rules of Civil Procedure | 11, 12 |

## PRELIMINARY STATEMENT

Plaintiff submits this Memorandum of Law in opposition to defendant's VSM NY Holdings LLC (hereinafter referred to as "Defendant" or "VSM") motion to dismiss the claims asserted by plaintiff Julie Maury ("Plaintiff") in her Third Amended Complaint ("TAC").  The TAC alleges only two causes of action against VSM: the first cause of action requesting injunctive relief for violation of Title III of the Americans with Disabilities Act ("ADA"); and the third cause of action requesting injunctive relief and damages for violation of the New York City Human Rights Law contained in the Administrative Code of the City of New York ("NYCHRL").

VSM does not dispute that the Fairway supermarket at issue **currently violates** the ADA or the NYCHRL.  Nor does VSM dispute that, since May 2020, plaintiff has been harmed repeatedly by the current violations of law.  Rather, VSM contends that its purchase of the assets of the Fairway supermarket magically grants it a license to violate the law and harm plaintiff in perpetuity.

Plaintiff's Memorandum of Law explains the numerous independent reasons why VSM cannot continue violating the law including that plaintiff's request for a statutory injunction and VSM's obligation to cease its current violations of Title III of the ADA and the NYCHRL were not dischargeable "claims" in Bankruptcy.

## STATEMENT OF FACTS

Plaintiff respectfully refers this Honorable Court to the TAC and the documents referred to therein for a recitation of the facts relevant to this motion.

1

# ARGUMENT

## POINT I

### PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF WAS NOT DISCHARGEABLE IN BANKRUPTCY

As a matter of law, plaintiff's request for an injunction under the ADA and the NYCHRL is not dischargeable in bankruptcy. VSM concedes this point by stating that:

> "The Bankruptcy Code allows a trustee or debtor in possession to sell property of the bankruptcy of estate "free and clear" of creditors interests. 11 U.S.C. § 363(f). A claim for monetary relief, or injunctive relief that involves the payment of money, is an interest encompassed by section 363. 11 U.S.C. § 363(f)(5)."

See page 8 of Defendant's Memorandum of Law, third paragraph from the top. This is because plaintiff's request for injunctive relief is not "injunctive relief that involves the payment of money" and thus not an interest encompassed by § 363 of the Bankruptcy Code.

Plaintiff's sole remedy under Title III of the ADA is for injunctive relief. See 42 U.S.C. § 12188(a) (providing that the remedies available to individuals shall be those set forth in 42 U.S.C. § 2000a–3(a), which statute allows a private right of action only for injunctive relief for violations of Title II of the Civil Rights Act of 1964); and *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (noting that Title II of the Civil Rights Act of 1964 allows for injunctive relief only). It is well-settled that a violation of Title III of the ADA does not give rise to a right to payment under any circumstances. *See, e.g., Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2nd Cir. 2004) ("Monetary relief ... is not available to private individuals under Title III of the ADA ... A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages."). Likewise, plaintiff's NYCHRL request for injunctive relief is not convertible to a right to payment. See §8-502 of the NYCHRL.

2

Here, VSM purchased the assets of the Fairway supermarket pursuant to § 363 of the Bankruptcy Code ("363 Sale"). See Exhibit "3" to Declaration of Kyle C. Bisceglie ("Bisceglie Dec."). The Second Circuit has held that "the bankruptcy court's power to bar 'claims' in a quick [section] 363 sale is plainly no broader than its power in a traditional Chapter 11 reorganization." *In Matter of Motors Liquidation Company*, 829 F.3d 135, 155 (2nd Cir. 2016). What this means here is that the § 363 Sale of the Fairway supermarket to VSM was "free and clear" only of those "claims" that could be barred by a traditional Chapter 11 reorganization. Indeed, to determine whether causes of action could be barred by a § 363 Sale Order, the Second Circuit utilizes the scope of a "claim" under § 101(5) of the Bankruptcy Code. *Id.* at 156 ("a bankruptcy court may approve a § 363 sale "free and clear" of successor liability claims if those claims flow from the debtor's ownership of the sold assets. Such a claim must arise from a (1) right to payment (2) that arose before the filing of the petition or resulted from pre-petition conduct fairly giving rise to the claim.").

Plaintiff's request for a statutory injunction, per Title III of the ADA and the NYCHRL, is not a "claim" as that term is defined in § 101(5) of the Bankruptcy Code. 11 U.S.C. § 101 (5). A debt is a "liability on a claim." 11 U.S.C. § 101(12). And a "claim" is defined as:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5).

A "right to payment" is an element common to § 101(5)(A) and § 101(5)(B).  § 101(5)(A) is not applicable because plaintiff does not allege any right to payment for pre-

3

bankruptcy petition acts as opposed to conduct occurring after bankruptcy. And §101(5)(B) is not applicable because an equitable obligation (injunction) only meets the definition of "claim" expressed in §101(5)(B) if the equitable obligation can be fully satisfied (extinguished) by a right to payment. *In re Chateaugay Corp.* 944 F.2d 997, 1007-1008 (2nd Cir. 1991). Only "claims" are dischargeable in bankruptcy, and the legislative history shows that "rights to an equitable remedy for a breach of performance with respect to which such breach does not give rise to a right to payment are not 'claims'...." 124 Cong. Rec. H 11,090 (Sept. 28, 1978); 124 Cong. Rec. S 17,406 (Oct. 6, 1978); see also § 363(f)(5) of the Bankruptcy Code ("(f)The trustee may sell property … free and clear of any interest in such property of an entity other than the estate, only if— (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest").

  Neither Title III of the ADA or the NYCHRL allows a plaintiff to be compelled to accept money as a substitute for request for the statutory injunction. Accordingly, plaintiff's request for an injunction to make Fairway supermarket accessible to wheelchair users is **not a "claim"** under §101(5) of the Bankruptcy Code and plaintiff's statutory right to an injunction is not dischargeable in a bankruptcy. *See e.g. In re Udell.* 18F.3d 403, 407-08 (7th Cir. 1994) (holding that a right to an injunction to enforce a covenant not to compete was not a "claim" under § 101(5) because it did not give rise to "an alternative or other corollary right to payment of liquidated damages"); and *In re Chateaugay Corp., supra,* 944 F.2d at 1008 ("a cleanup order that accomplishes the dual objectives of removing accumulated wastes and stopping or ameliorating ongoing pollution emanating from such wastes is not a dischargeable claim.... [i]f the order, no matter how phrased, requires LTV to take any action that ends or ameliorates current pollution, such an order is not a 'claim [dischargeable in bankruptcy]").

Because plaintiff's request for injunctive relief is not a dischargeable claim, it was not discharged in Bankruptcy. *See United States v. Apex Oil Co.*, 579 F.3d 734, 737 (7th Cir. 2009) (claim to an injunction to clean up the contaminated site at the defendant's expense was not dischargeable in bankruptcy); *In re Mark IV Indus., Inc.,* 459 B.R. 173, 185-88 (S.D.N.Y. 2011) (obligation to remedy ongoing pollution is not a "claim" that can be discharged in bankruptcy); and *In re Annabel*, 263 B.R. 19, 27–28 (Bankr. N.D.N.Y. 2001) (holding that within the context of a chapter 7 case, the discharge injunction will not affect the enforcement of an equitable remedy for a debtor's breach of non-compete covenant "where compliance requires simple abstention from conduct and does not give rise to monetary payment.").

"[W]hen the debtor owes an obligation that is not a 'claim,' that obligation is not discharged in bankruptcy, and therefore the debtor retains the obligation despite its bankruptcy filing." *Route 21 Assocs. of Belleville v. MHC, Inc.,* 486 B.R. 75, 85 (S.D.N.Y. 2012). Consequently, VSM did not and could not purchase the assets of the Fairway supermarket 'free and clear' of plaintiff's request for injunctive relief given that neither the ADA nor the NYCHRL permits plaintiff to accept money in lieu of the injunctive relief. *In re Lafemina*, 2017 WL 4404254, at * 3-7 (Bankr. E.D.N.Y. Sept. 30, 2017) (injunctive relief sought was not a dischargeable claim within the meaning of § 101(5)(B) of the Bankruptcy Code because payment of monetary damages was not an available substitute for the injunctive relief). VSM's obligations to remediate inaccessible architectural barriers under the ADA and NYCHRL were thus not discharged/extinguished by the bankruptcy process.

## POINT II

### VSM DOES NOT CLAIM TO BE FREE AND CLEAR OF PLAINTIFF'S CLAIMS BEFORE THE BANKRUPTCY COURT

VSM is currently before the Bankruptcy Court in an adversary proceeding related to the 363 Sale Order. See Amended Complaint from the Adversary Proceeding in the United States Bankruptcy Court for the Southern District of New York, Case No. 20-10161 (JLG), and 20-1199 (JLG), ECF No. 13, filed 9/14/2020.  In contrast to VSM's arguments to this Court, VSM does not argue to the Bankruptcy Court that its purchase pursuant to the 363 Sale Order was free and clear of plaintiff's claims. To the contrary, VSM states the exact opposite.

Before the Bankruptcy Court that issued the 363 Sale Order, VSM argues that plaintiff's claims against it in this action are so significant that the result of this litigation is expected to have a material adverse effect on VSM. *Id.* at paragraphs 69 to 76.  VSM's representations to the Bankruptcy Court belies their argument to Your Honor that plaintiff's claims were discharged in bankruptcy.

## POINT III

### VSM IS LIABLE FOR POST-SALE WRONGFUL CONDUCT

The TAC's allegations arise from VSM's conduct after the bankruptcy discharge and after the 363 Sale Order.  So even if plaintiff's request for injunctive relief were somehow discharged in bankruptcy, the law is clear that a § 363 Sale Order cannot bar a claim that arises from post-sale and/or post-bankruptcy discharge conduct.  *See Elliott v. General Motors LLC (In re Motors Liquidation Co.)*, 829 F.3d 135, 157 (2nd Cir. 2016) (claims based on New GM's *post-*petition conduct are outside the scope of the Sale Order's "free and clear" provision").  Indeed, courts have also refused to allow the Bankruptcy Code to discharge post-bankruptcy obligation to comply with state and local regulations. *See, e.g., Robinson v. Michigan Consolidated Gas*

6

*Co.,* 918 F.2d 579, 589 (6th Cir. 1990) (bankruptcy code did not relieve defendant of obligation to comply with municipal law protecting utility customers); and *Friarton Estates Corp v. City of New York (In re Friarton Estates Corp.),* 65 B.R. 586, 593-94 (Bankr. S.D.N.Y. 1986) ("The circumstance of ownership of buildings subject to rent control, which this debtor voluntarily assumed, may not be mitigated by the bankruptcy laws.").

Although the purpose of the bankruptcy law is "to provide a 'fresh start' to a discharged debtor... A suit for illegal conduct occurring after discharge threatens neither the letter not the spirit of the bankruptcy laws. A 'fresh start' means only that; it does not mean a continuing license to violate the law." *O'Loghlin v. County of Orange.* 229 F. 3d 871, 875 (9th Cir. 2000) (citations omitted). Accordingly, VSM can be sued for unlawful conduct occurring after the bankruptcy discharge as is alleged in plaintiff's TAC.

In *O'Loghlin,* the Ninth Circuit held that a pre-petition lawsuit for discrimination in violation of Title I of the ADA, could continue and that the plaintiff's claims for damages were not discharged to the extent they addressed post-petition violations, even if those violations were a continuation of pre-petition conduct. *Id.* at 874-75. To hold otherwise "would allow defendant to use pre-discharge violations of the ADA to insulate itself from liability for post-discharge violations, so long as the pre-and post-discharge violations were part of the same course of conduct." *Id.* at 875.

What VSM truly seeks by this motion is a wholesale bar against all post-bankruptcy statutory obligations in perpetuity. To immunize a sale order buyer from all post-bankruptcy statutory obligations would lead to absurd results and perverse incentives for companies "to enter bankruptcy for reasons that have nothing to do with the purpose of bankruptcy law." *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 163 (7th Cir. 1994) ("No one believes ... that a

7

bankruptcy court enjoys a blanket power to enjoin all future lawsuits against a buyer at a bankruptcy sale in order to maximize the sale price... [or to] immunize such buyer from all state and federal laws that might reduce the value of the assets bought from the bankrupt."). Accordingly, the § 363 Sale Order does not bar claim plaintiff's claims, which arises from post-sale and/or post-bankruptcy discharge conduct.

## POINT IV

### VSM CONTRACTUALLY ASSUMED ALL LIABILITY FOR POST-DISCHARGE LEGAL OBLIGATIONS

"Where the successor corporation purchases the assets of a bankrupt entity, it is appropriate to look at the relevant purchase documents …" *Doktor v. Werner Co.*, 762 F.Supp.2d 494, 498 (E.D.N.Y. 2011). As of May 2020, VSM agreed to assume all "Assumed Liabilities" arising after the bankruptcy including those liabilities "relating to or arising out of the ownership or operation of the [Fairway supermarket]." See Exhibit "3" to Bisceglie Dec., Section 2.2 "Assumed Liabilities" of the Asset Purchase Agreement ("APA"), on page 60 of 107. In fact, VSM acquired the "acquired assets and assume the assumed liabilities [of the Fairway supermarket] on an "as is" condition and on a "where is" basis, without any representation or warranty of any kind, express or implied (including any with respect to environmental, health, or safety matters)." *Id.* at Section 4.8 "Disclaimer of Other Representations and Warranties" of the APA, on page 73 of 107.

Here, plaintiff's claims are based on conduct by VSM arising **after** the acquisition. See TAC, ECF Document #84. Accordingly, under the clear and unambiguous language of the APA, VSM assumed the liabilities for the claims alleged by plaintiff as they are **post-sale** claims "relating to or arising out of the ownership or operation of the Fairway Premises." *See In re*

8

*Grumman Olson Industries, Inc.*, 445 B.R. 243, 250 (S.D.N.Y. 2011) (a 363 Sale Order does not and cannot give defendant a free pass to engage in future post discharge wrongful conduct).

## POINT V

### PLAINTIFF'S NYCHRL CLAIM CANNOT BE DISCHARGED IN BANKRUPTCY BECAUSE IT IS A CONTINING VIOLATION

It is well settled that the NYCHRL is significantly broader than its federal counterparts. *See, e.g., Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 75 (2nd Cir. 2015) ("Interpretations of state and federal civil rights statutes can serve only as a floor below which the [NYCHRL] cannot fall."); and *Williams v. N.Y.C. Hous. Auth.*, 61 A.D. 3d 62, 66, 872 N.Y.S.2d 27 (1st Dept. 2009) (NYCHRL "explicitly requires an independent liberal construction analysis in all circumstances, even where State and federal civil rights laws have comparable language"). The NYCHRL's construction section expressly mandates that the statute be "construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws . . . have been so construed." See § 8-130 of the NYCRHL.

The Appellate Division, First Department of New York State ("Appellate Division") recently reaffirmed that this broad construction applies to claims involving wheelchair inaccessibility in violation of §8-107(4)(a)(1)(a) of the NYCHRL. *See Center for Independence of the Disabled v. Metropolitan Transp. Auth.*, 125 N.Y.S.3d 697, 703, 125 N.Y.S.3d 697 (1st Dept. 2020). In this action, plaintiff likewise claims that VSM violates §8-107(4)(a)(1)(a) of the NYCHRL by owning and operating a public accommodation that has architectural barriers to wheelchair users. See ECF Document #84, Third Cause of Action on page 17.

The Appellate Division held that "the reach of the continuous violation doctrine under NYCHRL is broader than under either state or federal law." *Id.* In so doing, the Appellate Division rejected the narrow reach of a continuing violation under the federal law doctrine, which is triggered by continual unlawful acts, and not by continual ill effects from the original violation. *Id.* at 201. Applying a broader continuing violation doctrine for the NYCHRL, the Appellate Division held that although the New York City subway system was constructed in an inaccessible manner at the turn of the last century with the ill effects of inaccessible construction continuing into the present, "[t]he lack of access to the subway system, a place of public accommodation, continues every time a person seeks to use the subway system, but is prevented from doing so based upon their physical disability." *Id.*

Under the NYCHRL, architectural barriers are a continuous wrong that harms the plaintiff each and every time that the plaintiff encounters those barriers at the public accommodation. *Id.* at 200-201. Since May 2020, plaintiff has continued to patronize the Fairway supermarket and with each visit she has suffered a new injury from the architectural barriers giving rise to a new and independent NYCHRL claim. Accordingly, this Court must deny VSM motion to dismiss plaintiff's NYCRHL claims because the inaccessibility of the Fairway supermarket is a "continuous wrong" that gives rise to a new actionable NYCHRL claim each time that plaintiff has and continues to visit after May 2020.

## POINT VI

## PLAINTIFF HAS ADEQUATELY ALLEGED HER ALTERATION CLAIM

VSM challenges whether plaintiff has adequately alleged an alteration claim under the ADA and the NYCHRL. Plaintiff's alteration claim however, is asserted under the ADA as the NYCHRL makes no distinction for whether a defendant performed alterations. See §8-107

10

(4)(a)(1)(a) of the NYCHRL.  Rather, the NYCHRL requires a public accommodation to remediate inaccessible conditions, regardless of whether the building was newly constructed or altered, unless it proves that doing so would be an undue hardship or is architecturally infeasible. *See In re Matter of John Rose v. Co-op City of New York d/b/a Riverbay Corp. and Vernon Cooper*, 2010 WL 8625897, at *2 (N.Y.C. Comm. Hum. Rts. Nov. 18, 2010), aff'd sub nom. *Riverbay Corp. v. New York City Commn. on Human Rights,* 2011 N.Y. Misc. Lexis 7105 (Sup.Ct.Bx. Cty., Sept. 9, 2011).

As explained below, what dooms VSM's challenge to plaintiff's pleading is that it seeks to impose the evidentiary burden used at trial (or summary judgment) onto this motion to dismiss.  Specifically, VSM claims that plaintiff "has failed to meet her initial burden of production by identifying a modification to the store and failed to make a facially plausible demonstration that the modification is an alteration under the ADA".  See page 9 of Defendant's Memorandum of Law citing *Roberts v. Royal Atlantic*, 542 F.3d 363, 367-369 (2nd Cir. 2008) (appeal after bench trial involving burden of proof at trial under the ADA's alteration standard). But this articulated burden is for trial/summary judgment and is not the burden a plaintiff has at the pleading stage.  *Id.*

Confronted with an identical motion to dismiss argument, Southern District Judge Katherine Polk Failla held that an ADA plaintiff seeking the remediation of architectural barriers does not have a burden to make a *prima facie* showing at the pleading stage. *See Girotto v. LXC Inc.*, 2020 WL 3318275, *6-7 (S.D.N.Y. June 18, 2020).  Nor does a discrimination plaintiff have to plead facts sufficient to state a *prima facie* case. *E.E.O.C. v. Port Auth. of NY and NJ*, 768 F. 3d 247, 254 (2nd Cir. 2014) (finding that, in an Equal Pay Act case, "a discrimination complaint need not allege facts establishing each element of a *prima facie* case of discrimination

11

to survive a motion to dismiss"). Indeed, case law makes clear that Rule 8 of the Federal Rules of Civil Procedure does not require a plaintiff to plead "evidence" in her complaint. *Wynder v. McMahon*, 360 F.3d 73, 77 (2nd Cir. 2004) ("Plaintiff was called upon to provide, *inter alia*, (1) 'legal theories,' (2) specific 'authority, statutory and case law,' (3), 'evidence ... in detail,' and (4) separate claims as to each defendant. Our case law makes clear that the first three are *not* requirements imposed by Rule 8.").

For example, in employment discrimination claims, the Second Circuit has held that to survive a motion to dismiss on a discrimination claim, a plaintiff must only plausibly allege facts tending to demonstrate that: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) he has minimal factual support for the proposition that the employer was motivated by discriminatory intent. *Littlejohn v. City of New York*, 795 F.3d 297, 307-310 (2nd Cir. 2015).

Plaintiff's TAC pleads more than sufficient facts to make her ADA alteration claims plausible. A claim under Title III of the ADA requires that a plaintiff establish that (1) she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff by denying her a full and equal opportunity to enjoy the services defendants provide. *See Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2nd Cir. 2008).

Plaintiff's TAC easily establishes all these elements. First, plaintiff is disabled within the meaning of the ADA because she is substantially limited in the life activity of walking and requires a wheelchair for mobility. See ECF Document #84, paragraphs 10 and 47. Second, plaintiff plausibly articulates that VSM owns, leases, and operates a public accommodation subject to the ADA. *Id.* at paragraphs 16 to 21.

Third, plaintiff describes in detail how VSM discriminates against her because the architectural barriers at the Fairway supermarket "have made and continue to make plaintiff's shopping experience more difficult and more time-consuming than what an able-bodied patron experiences." *Id.* at paragraphs 33 to 39.  Plaintiff does not resort to conclusory allegations or legal conclusions to support her claim that VSM has engaged in discrimination.

With respect to alterations, the TAC cites to VSM's own documents for concrete facts supporting plaintiff's alteration claim. Specifically, plaintiff alleges how VSM acquired the Fairway Supermarket.  *Id.* at paragraphs 12 to 14 for factual allegations concerning the acquisition and assumption of liabilities going forward.  The TAC then describes how furnishings and equipment were removed from the Fairway supermarket as part of the acquisition thereby causing VSM to install their own new furnishings and equipment to continue operations. *Id.* at paragraphs 27 to 29.  After the removal of furnishings and equipment, VSM made alterations to the public areas of the Fairway supermarket thereby triggering accessibility obligations under the ADA to the altered areas as well as to the path of travel to and from those altered areas. *Id.*

The ADA's implementing regulations provide the following illustrations of what constitutes an alteration under the ADA: "**remodeling**, renovation, rehabilitation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions." See 28 C.F.R. § 36.402(b)(1) (emphasis added). The TAC alleges how VSM admits in its Form 10k that they **remodeled** the Fairway Premises along with installing equipment upgrades. See ECF Document #84, paragraph 29.

The Second Circuit Court of Appeals has held that: "the facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of New York*, *supra,* 795 F.3d at 311. Here, the TAC alleges more than sufficient facts to give plausible support to minimal inference of discrimination.

"In considering such a motion to dismiss, '[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether he is entitled to offer evidence to support his claims.'" *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 237 (2nd Cir. 2007) citing *Fernandez v. Chertoff*, 471 F.3d 45, 51 (2nd Cir. 2006). Overall, VSM's motion to dismiss must be denied because plaintiff has more than demonstrated that she should be entitled to offer evidence to show how VSM performed ADA qualifying alterations after they acquired the Fairway Supermarket in May 2020.

## CONCLUSION

For all the reasons described herein, plaintiff respectfully requests that the Court deny defendant's motion to dismiss.

Dated: December 11, 2020
       New York, New York

**PARKER HANSKI LLC**

By: _____/s/_____
      Glen H. Parker, Esq.
      Adam S. Hanski, Esq.
      Attorneys for Plaintiff
      40 Worth Street, 10th Floor
      New York, New York 10013
      Telephone: (212) 248-7400

Facsimile: (212) 248-5600
Email:ghp@parkerhanski.com

15